UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDY A. NICKLESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-0572-PLC |
| ) | |
| GENERAL MOTORS, ) | |
| and ) | |
| UAW LOCAL 2250, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's November 5, 2025, Response to the Court's Show Cause Order. [ECF No. 21] Plaintiff filed his complaint against Defendants General Motors and UAW Local 2250 on April 24, 2025. [ECF No. 1] On August 21, 2025, the Court issued a Show Cause Order directing Plaintiff to show cause why the case should not be dismissed for failing to serve Defendants within ninety days of filing the complaint. [ECF No. 10]; *see also* Fed. R. Civ. P. 4(m).

In response to the Show Cause Order, Plaintiff's counsel asserted he "was not aware that service had not been perfected prior to" his retention and entry of appearance in the case. [ECF No. 11] Counsel further asserted he expected to file an amended complaint by September 12, 2025, and requested an extension of time to allow Plaintiff to "file an amended Complaint and then request to serve the amended complaint." [ECF No. 11]

On September 5, 2025, the Court granted Plaintiff's request for additional time, extending the time for service to October 10, 2025. [ECF No. 13] Plaintiff filed an amended complaint and received summonses on October 3, 2025. [ECF Nos. 13-18]

Having not received proof of service, on October 30, 2025, the Court entered a second Show Cause Order directing Plaintiff to show cause why the action should not be dismissed for failing to serve Defendants by October 10, 2025, in compliance with the Court's Order extending the deadline. [ECF No. 19] On November 5, 2025, Plaintiff filed a response to the Show Cause Order stating he "immediately" sent the summons out for service after he received them on October 3rd but that the process server did "not receive[] the summons due to an issue with the email communication[.]" [ECF No. 21] Plaintiff asserted Defendant UAW Local 2250 was served on October 27, 2025, and that counsel "had been waiting to receive the summons returned from the process server to file it with the court." [ECF No. 21] Plaintiff separately filed an executed proof of service, demonstrating Plaintiff served Defendant UAW Local 2500 with an undated, unsigned summons on October 27, 2025.[1] [ECF No. 20]

With respect to Defendant General Motors, Plaintiff states that the "summons was sent to the Cole County Sheriff for service upon the registered agent and Counsel for Plaintiff is awaiting a copy of the summons return." [ECF No. 21] Plaintiff further states that "[b]ecause service has been perfected, Plaintiff does not need any additional time for service and the matter can proceed with responsive pleadings from the Defendants[.]" [ECF No. 21]

The record reflects that Plaintiff has not filed proof of service on Defendant General Motors in the fourteen days since Plaintiff filed his response representing that service had been perfected and he is simply waiting for the summons' return. This cause has been pending seven months and, despite two show cause orders respecting service of process, Plaintiff has not provided the Court with proof of service, or even attempted service, on Defendant General Motors. *See* Fed. R. Civ.

---

[1] Counsel for Defendant UAW Local 2250 entered her appearance and requested an extension of time to file its responsive pleading, citing Plaintiff's failure to properly serve it as basis for the extension. [ECF No. 22] The Court granted the request for extension of the deadline. [Docket Entry 24]

P. 4(*l*)(1) (providing that "proof of service must be made to the court"). Plaintiff's representation in the November 5, 2025, response that "service has been perfected" on Defendant General Motors and that the "matter can proceed with the responsive pleadings" is not supported by the record and not in compliance with Rule 4(*l*)(1). Plaintiff has failed to demonstrate service on Defendant General Motors or shown good cause for the failure given the ample time and opportunity the Court has provided him. The Court therefore will dismiss Defendant General Motors without prejudice. *See Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders.").[2]

For this reason, the Court will enter a Partial Order of Dismissal dismissing Defendant General Motors from this action without prejudice.

Dated this 25th day of November 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff maintains that he has served Defendant General Motors. If Plaintiff can demonstrate that he timely served Defendant General Motors, Plaintiff may seek reconsideration of the dismissal if he can properly prove timely service. *See* Fed. R. Civ. P. 4(*l*)(3).